(*) MASON *versus* HAM, *Administrator, de bonis non.*

By statute of 1821, c. 52, § 12, no license granted to an administrator to convey the lands of his intestate could be in force more than one year.

Under that statute, no such conveyance could transfer the title, unless *executed* and *delivered* within the year.

A bond given by one, in his capacity of administrator, to convey land of his intestate by *warranty* deed, is unauthorized, and will not bind the estate.

ON REPORT from *Nisi Prius,* APPLETON, J., presiding.
DEBT.

On June 10, 1836, William Abbot, administrator of the estate of Alexander Townsend, " gave to the plaintiffs a bond binding himself, his heirs, executors and administrators in the penal sum of $2000, conditioned, that whereas the said Abbot had agreed to sell and convey to the plaintiffs by a good and sufficient deed of warranty, a tract of land [described,] and is to receive for the same the sum of $10,500, with interest, viz. $2000 in cash; $2000 by Oct. 1st, 1836; $2000 by Jan'y 1, 1837; $2000 by April 1, 1837; and the remainder by April 1, 1838; now if the said Abbot, upon payment of the said first installment, and upon the readiness on

the part of the plaintiffs to secure the payment of the other sums by a mortgage of the land, shall give to the plaintiffs, or to such person or persons as they may appoint, a good and sufficient deed of warranty of the premises, the bond is to be void.

Abbot had previously, in Oct., 1835, obtained license from the Supreme Judicial Court to sell land of his intestate as administrator, at public or private sale, to the amount of $35,000.

On the day of the date of the bond, June 10, 1836, the plaintiffs paid to Abbot the first installment of $2000, which sum he credited to the estate in his administration account, which account was finally settled in 1840.

One of the obligees, in 1848, called upon Mr. Abbot, who said that he could not furnish a warranty deed, and that the only deed he could give was a quitclaim.

This suit upon the bond was thereupon commenced against Abbot as administrator. He died, and the defendant was appointed administrator, *de bonis non,* and comes in to defend.

The parties then agreed that if the action is maintainable, the damages are to be assessed by the Court upon evidence to be introduced.

*John S. Peters,* for the plaintiff.

The bond is the bond of the estate, not the bond of Abbot. R. S., c. 91, § 14.

Abbot, having authority to sell, had, as incident to it, the power to *contract* for a sale. Such a power is necessary.

But if otherwise, the heirs of Townsend have received the two thousand dollars. Unless this suit be available, they keep that money without an equivalent, especially as, in an action for it, the administrator *de bonis non* may plead the limitation statute.

If, in any little particulars, Abbot was chargeable with neglects, subsequent to giving the bond, it is not for the defendant, representing the same estate, to make the objection.

*Cutting & Fessenden,* for the defendant.

This action seeks to recover against the administrator *de*

*bonis non* upon a bond given by Abbot, the original administrator. But Abbot had no authority to give such a bond. True, he had obtained leave to sell, but it could only be in the statute mode, and must be done within a year from the date of the license. Before the bond required the conveyance to be made, the license had ceased to have validity. The preliminary proceedings requisite for passing the title were never had. The obligation declared upon was simply the bond of Abbot as an individual. There is no privity between these parties. As there is no legal, so there is no moral claim against the estate of Townsend. The plaintiffs neglected for ten years to make the payments which were the conditions of the bond, and have never yet offered to perform, or demanded a deed. If they had fulfilled the conditions on their part, a liability might have been created against Abbot personally. But very clearly the bond can give no rights against Townsend's estate.

*Hill,* in reply.

Abbot had the right to sell at public or at private sale. He elected the latter mode. A contract to sell precedes the conveyance. He had a right to bind the estate by such a contract. He did so. The bond recites it, and is plenary evidence of it. Such contract for a conveyance is a sale. The sale had been agreed on before the bond was sealed. The bond bound the estate. The $2000 were paid upon it, which went to the estate. By what other mode then, than a suit upon the documentary evidence, furnished by the defendant's predecessor, can the plaintiffs obtain redress?

The bond was given while Abbot had the power to sell and convey, and it recites that " the sale had been made." The sale had then been completed, except that the deed had not been delivered. The law, indeed, limits the operation of the license to a year, but it does not require the payments to be all made within the year. When they were all completed, though after the lapse of a year, the deed should have been delivered. But in fact the conditions of the bond did not extend the performance beyond the year. The deed was to be

given so soon as the obligees should pay the first installment and *be in readiness* to secure the balance by a mortgage. The first installment was paid at the making of the bond. In order to entitle the obligees to the deed, it only remained that they should be in readiness to make the mortgage, and this readiness might occur at the very day of giving the bond. Thus the limitation of the license to a year has no application to this case. After having paid the first installment, the only further required performance consisted in a mere readiness to perform; a readiness to give the mortgage. And that there was actual readiness, is to be inferred from the payment; and also from the fact that Abbot, when called upon in 1848, did not even pretend any want of performance or demand, but framed up a different ground of excuse.

RICE, J.—The defendant is sued as the representative of the estate of Alexander Townsend, on a bond executed by William Abbot, a former administrator on the same estate. Abbot, in 1835, obtained license from the Supreme Judicial Court to sell real estate of his intestate, for the payment of debts. The bond in suit was executed within the year after the license was obtained.

Section 12, c. 52, stat. of 1821, provides "that no license as aforesaid, for the sale of real estate, granted by either of the Courts aforesaid, shall be in force for a longer term than one year from the time when such license shall have been granted."

The deed to the purchaser must be executed and delivered within the year, otherwise it is void. *Marr* v. *Boothby*, 19 Maine, 150.

No property will pass until the deed is given, and until then, in no legal sense, is there a sale. *Macy* v. *Raymond*, 9 Pick. 284.

In giving the bond in suit, if Abbot assumed to act in his capacity as administrator, he exceeded his authority, and did not thereby bind the estate; if he acted in his private capacity, the estate is not bound. *A nonsuit must be entered.*

SHEPLEY, C. J., and TENNEY and HATHAWAY, J. J., concurred.